IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR MOSES, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 21-670 |
| UNITED PARCEL SERVICE, INC., | ) Magistrate Judge Dodge |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Arthur Moses ("Moses") brings this action alleging that Defendant United Parcel Service, Inc. ("UPS") discriminated against him on the basis of his race and subjected him to a hostile work environment, culminating in his termination from employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA).

Currently pending before the Court is the motion for summary judgment of UPS (ECF No. 25). For the reasons that follow, its motion will be denied without prejudice.

**A. Procedural History**

Moses filed this case pro se on May 19, 2021. He subsequently obtained counsel, who filed an Amended Complaint on July 15, 2021 (ECF No. 2). The Amended Complaint alleges that Moses was subjected to harassment on the basis of his race and because he is gay, that he was forced to perform work by himself that required two people, that he was blamed for machinery problems for which he was not responsible and that he was terminated from his employment on the false basis that he had not responded to 72-hour notices.

After UPS filed an Answer, an initial case management conference was held during which deadlines were set, including a deadline of April 18, 2022 for the conclusion of discovery

(ECF No. 14). The parties also agreed to proceed to mediation and a mediation with David White was scheduled for February 10, 2022.

On November 16, 2021, UPS served Moses with requests for admission, which require a response within 30 days. Fed. R. Civ. P. 36(a)(3). (Defendant's Statement of Undisputed Material Facts ("DSUMF") ¶¶ 14-15.)[1] On December 16, 2021, counsel for Moses requested an extension of time to respond and UPS agreed to an extension of 30 days, or until January 18, 2022. (*Id.* ¶ 16.)

In the interim, on January 8, 2022, counsel for Moses filed a motion to withdraw from the case (ECF No. 17), citing an "irreconcilable impasse regarding the future handling of the case." The Court denied this motion without prejudice because counsel had failed to comply with Local Rule of Civil Procedure 83.2C(4). (ECF No. 18.)

On February 7, 2022, counsel for Moses filed a motion for extension of time (ECF No. 20) in which he requested that the mediation scheduled for February 10, 2022 be postponed and that discovery be extended given the circumstances. UPS did not object to this request. On February 8, 2022, the Court entered an order (ECF No. 21) granting the motion in part, indicating that the mediation deadline was postponed and that a status conference would be scheduled to discuss the other deadlines.

On February 16, 2022, Plaintiff's counsel filed a notice indicating that he was unable to obtain Moses' consent to his withdrawal (ECF No. 22). Therefore, an order was entered the next day directing Plaintiff to file a response by February 25, 2022, in which he indicated whether he consented to his attorney's motion to withdraw (ECF No. 23).

Since the docket did not reflect any response from Moses by the court-ordered deadline,

---

[1] ECF No. 27.

2

the Court granted his counsel's motion to withdraw (ECF No. 28). However, Moses then contacted the Court's Chambers and indicated that he did object to his counsel's withdrawal and that he had sent his objection to "Pacer" on February 17. He then faxed a notice to the same effect to Chambers. Although these are not official means of filing documents, the Court concluded that a hearing was required to resolve this issue. Therefore, the order granting the motion to withdraw was vacated and a hearing on counsel's motion to withdraw was scheduled for March 10, 2022, at which Moses and his counsel appeared, along with counsel for UPS. (ECF Nos. 30-31.)

After hearing from Moses and his counsel, the Court granted the motion to withdraw. Moses advised the Court that he that he would proceed pro se. The Court directed counsel for UPS to contact Mr. White and obtain a new date for a mediation.[2]

On March 2, 2022, while these proceedings were ongoing, UPS filed the pending motion for summary judgment (ECF No. 25). The sole basis for the motion is UPS's reliance on the failure of Moses to respond to the requests for admission within the extension of time to which the parties agreed. The requests ask Moses to admit that he was not called names by his supervisors, he was not harassed, discriminated or retaliated against, that he made no claims of discrimination or retaliation when he grieved his termination through the union and that he made no complaints of harassment, discrimination or retaliation while employed by UPS. Based on these admissions, UPS contends that it is entitled to judgment in its favor.

---

[2] At the hearing, Defendant's counsel requested that the Court delay the mediation until after ruling on the motion for summary judgment. The Court indicated that the mediation (which ordinarily is required to occur within 60 days of the initial case management conference) would take place first. However, given issues with scheduling the mediation that remain outstanding, the Court has concluded that the motion will be addressed at this time.

B. **Standard of Review**

The Federal Rules of Civil Procedure provide that parties may serve requests for admission upon the opposing party and that failure to respond to the requests within 30 days (or such time as the parties stipulate to or as ordered by the court) will result in the requests being deemed admitted. Fed. R. Civ. P. 36(a)(3). "Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b), and may support a summary judgment motion." *Secretary United States Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (footnotes omitted). *See* Fed. R. Civ. P. 56(c)(1)(A) (moving party may cite to, inter alia, "admissions," in support of a motion for summary judgment).

As set forth in Rule 36(b), a shorter or longer time for responding to requests for admission may be ordered by the Court. Moreover, "a court may permit withdrawal or amendment [of a response to a request for admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

The Rule also "emphasizes the importance of having the action resolved on the merits." Fed. R. Civ. P. 36 (advisory committee note). The Third Circuit Court of Appeals has "repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). *See Skoczylas v. Atl. Credit & Fin., Inc.*, 2002 WL 55298, at *3 (E.D. Pa. Jan. 15, 2002) (noting that "a disposition on the merits of the case is favored" over a ruling based upon non-responded to requests for admission); *C.J. Hughes Constr. Co. Inc. v. EQM Gathering OPCO, LLC*, 358 F. Supp. 3d 486, 489 (W.D. Pa. 2019) (same).

### III.     Discussion

UPS contends that it is entitled to summary judgment in its favor because of the nature of the admissions made by Moses because he failed to respond to requests for admission served on his former counsel. The requests served by UPS sought admissions regarding issues of material fact and legal conclusions relevant to the claims asserted by Moses in the Amended Complaint.

In support of its position, UPS cites *Wylie v. TransUnion, LLC*, 2017 WL 4386404 (W.D. Pa. Sept. 29, 2017). In that case, the plaintiff, who was represented by counsel, decided not to respond to requests for admission because a motion to dismiss was pending. Plaintiff similarly refused to respond to the defendant's subsequent motion for summary judgment which was based upon plaintiff's admissions by virtue of his failure to respond. The Court concluded that counsel's dilatory conduct could not be excused, denied plaintiff's motion to amend responses to the requests for admission that was filed six months after the responses were due and granted the defendant's motion for summary judgment.

The factual scenario in *Wylie* bears no resemblance to the facts of this case. While it is uncontroverted that Moses neither responded to the requests for admission within the extension that was granted nor sought a further extension to do so, this case is still in the discovery phase and the parties have not yet participated in mandatory mediation. Perhaps more significantly, the motion for summary judgment was filed while the issue of counsel's withdrawal was pending. Moses' counsel moved to withdraw ten days *before* the responses to the requests for admission were due. In his motion, he cited an "irreconcilable impasse" between him and Moses about the future handling of this case. These differences likely could have made it difficult for them to agree on appropriate responses or created an ethical dilemma for Moses' counsel in light of his

5

pending motion,

> As explained in the Advisory Committee's note to the 1983 amendment to Rule 26:
>
> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

Fed. R. Civ. P. 26 (advisory committee note to 1983 am.). *See Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 818-19 (W.D. Pa. 2016). *See also Quarrie v. Wells*, 2020 WL 7385730, at *14 (D.N.M. Dec. 16, 2020) ("The purpose of discovery is not to cultivate 'gotcha' moments by which a party might obtain a favorable outcome by default."); *Waters v. Kohl's Dep't Stores, Inc.*, 2014 WL 6765757, at *2 (N.D. Cal. Dec. 1, 2014) ("Requests for admission exist as a discovery device to narrow issues in a case, not to avoid liability entirely because an opposing party does not timely respond to a 'gotcha' request.")

It is undeniable that counsel for Moses did not seek a further extension of time to respond to the requests, and as such, they would be deemed admitted under many circumstances. However, the Court declines to do so here, or to base a dispositive ruling on the merits of Moses' claims based solely on his failure to timely respond to the requests.[3] Such a result would not result in a full exploration of the facts and issues, nor is it in keeping with the "spirit" of the rules of discovery given the background of this matter. Any possible prejudice to UPS is far

---

[3] Among other requests, UPS requested that Moses admit certain pure legal conclusions, i.e., that UPS did not discriminate or retaliate against him. (ECF No. 27 Ex. A, Req. Admis. Nos. 7, 8.) *See Petrunich v. Sun Bldg. Sys., Inc.*, 2006 WL 2788208, at *5 (M.D. Pa. Sept. 26, 2006) ("the request that Defendants admit that Mr. Petrunich 'was discriminated because of his age' is improper.")

outweighed by the actual prejudice to Moses if the motion for summary judgment was granted based solely on defaulted requests for admission. Thus, pursuant to Rule 36(a)(3), the Court will provide Moses with additional time to respond.

Therefore, this 29th day of March 2022, it is ORDERED that the motion for summary judgment of UPS is DENIED without prejudice. UPS may renew a dispositive motion after the completion of discovery.

It is further ORDERED that no later than April 4, 2022, UPS shall serve a copy of the Requests for Admission at issue upon Plaintiff Moses. Within thirty (30) days of service upon him, Plaintiff shall serve responses to the Requests for Admission upon counsel for UPS pursuant to Rule 36 of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge