IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 21-670 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | Magistrate Judge Dodge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff Arthur Moses ("Moses") brings this action in which he alleges that Defendant United Parcel Service, Inc. ("UPS") discriminated against him on the basis of his race and subjected him to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA).

Currently pending before the Court is UPS's motion for sanctions (ECF No. 39), in which it seeks dismissal of this case. For the reasons that follow, its motion will be denied, but other appropriate relief will be granted.

**I.   Relevant Procedural History**

Moses filed this case *pro se* on May 19, 2021. He subsequently obtained counsel, who filed an Amended Complaint on July 15, 2021 (ECF No. 2). However, Moses and his counsel subsequently parted ways and Moses has since proceeded *pro se*. During the resolution of his former counsel's motion to withdraw, his counsel provided the Court with Moses' contact information and Moses agreed to accept notices of Court filings sent to him via email.

On March 2, 2022, UPS moved for summary judgment (ECF No. 25) on the ground that Moses had not responded within thirty days to its requests for admission as required by Fed. R.

Civ. P. 36(a)(3). On March 29, 2022, the Court denied this motion without prejudice. (ECF No. 34.) The Court concluded that, because this issue arose while Moses' counsel was seeking to withdraw from the case and while discovery was still ongoing, it was inappropriate under these circumstances to deem the requests admitted against a *pro se* litigant.

Instead, in its March 29, 2022 Order, the Court directed UPS to re-serve Moses with the requests for admission by April 4, 2022 and directed Moses to respond within 30 days of service. (*Id.* at 7.) UPS indicates that it re-served him with the requests for admission by email on March 29, 2022 (ECF No. 40 Ex. F) and that it also served him with all of its discovery (requests for admission, requests for production of documents and interrogatories) by first class mail on April 6, 2022 (*id.* Ex. G). According to UPS, Moses failed to submit any responses to the requests for admission or document requests and submitted incomplete answers to the interrogatories.

On April 6, 2022, following a telephone status conference held the previous day, the Court entered the following text order:

> ORDER extending fact discovery until May 31, 2022 so that there is sufficient time for the parties to participate in a mediation and complete any outstanding discovery as well as any additional discovery in which either party wishes to engage. The telephone post discovery conference that was scheduled for April 20, 2022 is rescheduled for June 2, 2022 at 9:00 a.m.

(ECF No. 35.) This order was served on Moses by email through the Court's Notice of Electronic Filing (NEF).

On May 16, 2022, UPS noticed Moses' deposition for May 31, 2022, the last day of discovery (ECF No. Exs. L, M). It appears that after extensive dialogue between them, the parties were unable to agree on the details of the manner by which the deposition would be taken. Moses did not appear for his deposition on May 31. On June 1, 2022, UPS filed the pending motion for sanctions.

On June 2, 2022, the Court initiated the previously scheduled post-discovery telephone conference, but Moses did not appear. Attempts were made to contact him but were unsuccessful.[1] Approximately one hour later, Moses called the Court's Chambers and represented that he did not receive the April 6, 2022 order and was unaware of the scheduled call. He then responded to an email that had been sent to him by the Court's law clerk as a courtesy to remind him of the telephone conference and made discourteous and inappropriate comments. An order was entered directing him to refrain from any further communications with the Court's Chambers and instructed him to submit his pleadings, motions, briefs and other filings permitted by the Federal Rules of Civil Procedure and the Court's Local Rules by filing them on the Court docket. (ECF No. 43.) Despite this order, Moses subsequently sent several further unsolicited email messages and mailed a package of materials to Chambers.

In addition, the Court was notified by the Clerk of Court on June 6, 2022 that, for several months, Moses had been "responding" to NEFs (all of which contain the bolded statement "**Please DO NOT RESPOND to this e-mail because the mail box is unattended.**") with emails, none of which could have been contemporaneously seen by the Court or counsel for UPS.

On June 13, 2022, a hearing was held on the motion for sanctions. During the hearing, Moses denied receiving the requests for admission. He was directed to refrain from communicating directly with the Court or sending responses to NEFs and was cautioned that any

---

[1] An order to show cause was entered for Moses to show why sanctions should not be imposed for his failure to appear at the conference, with his response due by June 9, 2022 (ECF No. 41). In a separate order (ECF No. 42), the Court directed Moses to respond to UPS's motion for sanctions by June 9 and set a hearing on the motion for June 13, 2022 at 2:00 p.m. Moses did file a response to either order. Based upon his comments during the hearing, it appears that the mailing sent by Moses directly to the Court was intended to provide a response. The Court did not consider these materials.

further communications to the Court's Chambers will be subject to sanctions. The package of materials Moses mailed to Chambers was returned to him during the hearing and he then provided it to UPS's counsel.

The next day, Moses submitted a response to the motion, which he called a "motion to dismiss the motion for sanctions" (ECF No. 45). Contrary to the Court's specific caution that he should not submit any documents with personal identifiers, he did so, and the documents were removed from public view but made available to UPS. Neither the motion nor the documents responded directly to the motion for sanctions.

## II. **Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure provides that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

In *Poulis v. States Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has

emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### III. Discussion

UPS asserts that five of the six *Poulis* factors weigh in favor of dismissal. However, the Court concludes that the requested sanction of dismissal of this lawsuit is extreme and not supported here. Although Moses' responses to some of the interrogatories may be insufficient, he did respond, undermining UPS's argument that he acted willfully or in bad faith. Moreover, without detailing all of the circumstances surrounding the scheduling of Moses' deposition, it appears that Moses initially agreed to attend and then subsequent communications broke down. Moses has appeared in person for both of the in-person hearings that have taken place. While it is apparent that Moses has some history of dilatory conduct, UPS has not demonstrated any undue "prejudice" as relevant to the *Poulis* analysis. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Hildebrand*, 923 F.3d at 134 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).

Moreover, less severe relief that could have been effective to obtain discovery from Moses were not pursued. Before seeking the sanction of dismissal, UPS did not move to compel Moses' deposition, nor did it move for sufficient responses to its interrogatories or a response to its document request. It did not ask for an order precluding Moses from submitting evidence or

seek monetary sanctions.[2] Thus, even if UPS had met all of the other *Poulis* factors, it has not demonstrated that the only effective sanction is dismissal.

Therefore, insofar as UPS seeks dismissal of this action, an "extreme" sanction that should be a last resort, its motion will be denied. Nevertheless, the Court concludes that there are consequences for Moses' failure to respond to discovery and failure to abide by court orders and that UPS is entitled to certain relief, as outlined below.

A. Requests for Admission

The Federal Rules of Civil Procedure provide that parties may serve requests for admission upon the opposing party and that the failure to respond to requests for admission within 30 days (or such time as the parties stipulate to or as ordered by the court) will result in the requests being deemed admitted. Fed. R. Civ. P. 36(a)(3). "Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b), and may support a summary judgment motion." *Secretary United States Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (footnotes omitted). *See* Fed. R. Civ. P. 56(c)(1)(A) (moving party may cite to, inter alia, "admissions," in support of a motion for summary judgment).

---

[2] The Court is unaware of any basis for concluding that Moses is indigent. The record reflects that he paid a retainer to his former counsel, paid the filing fee and was required to pay one-half of the cost of the mediation. The cases cited by UPS are distinguishable. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (indigent prisoner); *Naik v. Boston Consulting Grp.*, 2017 WL 424902, at *6 (D.N.J. Jan. 12, 2017), *report and recommendation adopted,* 2017 WL 401944 (D.N.J. Jan. 30, 2017) (indigent litigant); *Broncho-Bill v. Mid-Ohio Contracting, Inc.*, 2017 WL 2813614, at *3 (W.D. Pa. June 29, 2017) (indigent litigant, motion to dismiss under Rule 41 granted only after defendant filed motion to compel plaintiff's deposition and he still did not appear). In the other case it cites, *Lurwick v. Lehigh Valley Health Network, Inc.*, 2019 WL 2060070, at *5 (E.D. Pa. May 9, 2019), the *pro se* plaintiff stopped participating in the case in any manner and was unreachable, leading the court to conclude that the only effective sanction would be dismissal.

As detailed above, the Court denied the previous request of UPS to deem its requests admitted based on Moses' failure to respond. This does not excuse Moses' subsequent failure to do so, however. As stated in the Court's March 29, 2022 Order, UPS was directed to re-serve Moses with the requests for admission. In turn, Moses was ordered to respond within thirty days of service. UPS represents that the requests were served by email on March 29, 2022 and by United States mail on April 6, 2022. Significantly, both communications were sent to his addresses of record and counsel for UPS represents that neither was returned as undeliverable.

At the June 13, 2022 hearing, Moses stated that he never received the requests for admission. This representation cannot be reconciled with the fact that he responded to the interrogatories, which were sent by U.S. mail in the same package as the requests for admission. Thus, his representation is not credible. Moreover, since Moses was on notice that an order had been issued that required both parties to take action regarding these requests, his failure to take any action cannot be excused, even if his claim that he didn't receive either mailing was credible. In addition, there is a presumption that items placed in first-class mail are received three days after they are mailed. *See* Fed. R. Civ. P. 6(d); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Moses has not rebutted this presumption. Finally, UPS has documented that it notified Moses on May 16, 2022, among other things, that he had failed to respond. (ECF No. 50 Ex. B.) Moses replied to this email that same day (*id.* Ex. K) but did not address the requests for admission.

Moses was given a second opportunity to submit timely responses to the requests for admission but has failed to do so. His claim that he did not receive them is not credible.[3] He has

---

[3] Moses sometimes claims he did not receive filings and orders on the docket. He offers no explanation as to why he receives certain filings and not others, nor is there any evidence to suggest that email and regular mail is not reaching him. Indeed, as discussed above, there is

no other explanation for his failure and has not asked for any relief from the requirements of Rule 36(a)(3). The fact that Moses is proceeding *pro se* does not excuse him from compliance under the circumstances here, including but not limited to the fact that he was expressly advised in an order that he was required to respond within thirty days, and was on notice of the prior effort by UPS to deem his responses admitted for failure to respond within thirty days. Thus, the requests for admission are deemed admitted.

   B. Moses' Deposition

At the hearing, counsel for UPS indicated that, if provided the opportunity, they would take Moses' deposition. Moses acknowledged that he would appear for it. Therefore, the deposition of Moses will go forward under the following conditions. The deposition may take place by video conference. Counsel for UPS shall advise the Court of the date of the deposition once a date is confirmed. Moses shall attend by appearing in Courtroom 9A in the United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania at the designated date and time. The Court will facilitate the necessary technology for Moses to appear by video. Counsel for UPS may ask questions via video conference but must also arrange for someone from its law firm to be present in the courtroom throughout the duration of the deposition. Any issues that arise during the deposition shall be brought to the Court's attention during the deposition.

   C. Requests for Production of Documents

Moses shall respond in writing to the requests for production of documents no later than June 24, 2022. Moses shall email or mail his response directly to counsel for UPS and shall not file his response or any documents that he sends to UPS on the public docket. In his response,

---

ample evidence to confirm that he receives NEFs as he has responded by email with respect to some of them.

he shall state, as to each separate request, whether he has any documents in his possession that are responsive, identify those documents and state whether he has already produced them. In the event he has not produced all requested documents to UPS, he shall produce them at the same time that he provides his written response. Moses is advised that even if he takes the position that UPS independently may have some of the requested documents, he must produce all requested documents that are in his possession. He is further advised that Federal Rule of Civil Procedure 26(b) sets forth the scope and limits of discovery.

D. Interrogatories

In its motion, UPS asserts that at least some of Moses' answers to interrogatories are incomplete and that his interrogatory answers are not verified as required by Rule 33(b)(3). At the hearing, counsel advised that Moses submitted a supplemental response on June 3, 2022 that resolved some of the issues. In a Supplement to its Memorandum of Law in support of its motion for sanctions (ECF No. 47), UPS takes the position that the responses to Interrogatories 1, 11, 12 and 17 remain deficient.

The Court agrees that Moses' responses to Interrogatories 1 and 12 are inadequate. With respect to Interrogatory 1, he shall supplement his response by providing the following: identifying any individual at the NAACP to whom he spoke; the date of any communications and what was said; and identifying any documents relating to his answer to this interrogatory.

Regarding Interrogatory 12, Moses shall supplement his response by providing the following: the substance of his complaints; the response received to his complaints; and identifying any documents about his complaints.

The Court concludes that Moses' response to Interrogatories 11 and 17 are adequate but seek relevant information about which UPS may further inquire during his deposition.

Therefore, this 17th day of June 2022, it is ORDERED that the motion for sanctions is DENIED to the extent that it requests dismissal of this case.

It is further ORDERED as follows:

1. UPS's requests for admission are deemed admitted due to Moses' failure to submit timely responses;

2. Moses shall provide a written response to UPS's requests for production of documents and produce the requested documents in his possession no later than June 24, 2022. Moses is advised that his written response shall not be docketed but shall be sent directly to counsel for UPS.

3. No later than June 24, 2022, Moses shall provide a full and complete response to Interrogatories 1 and 12 as further explained in this order. Moses shall also provide a verification to his Answers to Interrogatories in compliance with Rule 33(b)(3). The verification should state the following, immediately above the signature, in accordance with 28 U.S. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of June, 2022." Moses is advised that his answers to interrogatories shall not be docketed but shall be sent directly to counsel for UPS.

4. The deposition of Moses, which shall proceed in the manner described above, shall be completed no later than July 15, 2022.

5. A post fact-discovery conference will be held by telephone on July 19, 2022 at 9:00 a.m. for the purpose of establishing other pretrial deadlines.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge